IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNION SECURITY INSURANCE COMPANY,

    Plaintiff,

vs.

Case No.: 4:17-cv-00304-HFS

CARLA R. FITZPATRICK,
Serve at:
4517 South Shrank Drive Apt. D
Independence, Missouri 64055

AND

JACOB A. FITZPATRICK.
Serve at:
19110 E. 37th Terr. S. Apt. 3
Independence, Missouri 64057

AND

JESSICA M. SAFLY Serve at:
5021 NW Linder Lane Kansas City,
Missouri 64151

    Defendants.

## DEFENDANT JACOB FITZPATRICK'S AND DEFENDANT JESSICA SAFLY'S ANSWER TO PLAINTIFF'S COMPLAINT IN INTERPLEADER

Jacob Fitzpatrick and Jessica Safly (hereinafter "Defendants"), by and through its undersigned counsel, hereby files this Answer to Plaintiff's Interpleader Complaint as follows:[1]

### PARTIES

1. Union Security is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in Rapid City, South Dakota. Union Security

---

[1] For ease of reference, Defendants have restated Plaintiff's numbered allegations from Plaintiff's Complaint, and Defendants' answers to each paragraph are in bold.

issued to Blue Springs Harley-Davidson, Keith Alan Fitzpatrick's employer, a group life insurance policy for the benefit of participating employees of Blue Springs Harley-Davidson. The claims at issue under the Blue Springs Harley-Davidson group life insurance policy were administered and adjudicated in Kansas City, Missouri. **Defendants are without sufficient knowledge to admit or deny Plaintiff's corporate status as alleged in the first sentence of ¶ 1 and therefore denies the same. Defendants admit the remainder of ¶ 1.**

2. Carla R. Fitzpatrick ("Carla") is a citizen of the State of Missouri who resides at 4517 South Shrank Drive Apt. D, Independence, Missouri 64055. **Defendants admit.**

3. At the time of his death. Keith Alan Fitzpatrick ("Decedent") was married to Carla. **Defendants admit.**

4. Jessica M. Safly ("Jessica") is a citizen of the State of Missouri who resides at 5021 NW Linder Lane, Kansas City, Missouri 64151. **Defendants admit.**

5. Jessica is Decedent's daughter. **Defendants admit.**

6. Jacob A. Fitzpatrick ("Jacob") is a citizen of the State of Missouri who resides at 19110 E. 37th Terr. S. Apt. 3, Independence, Missouri 64057. **Defendants admit.**

7. Jacob is Decedent's son. **Defendants admit.**

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this Interpleader Complaint pursuant to 28 U.S.C. §1331 and Fed. R. Civ. P. 22 because the controversy involves multiple and conflicting claims to certain group term life insurance benefits due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§1001, et seq. Interpleader is a form of "appropriate equitable relief' available under 29 U.S.C. § 1132(a)(3)(B) and federal jurisdiction is exclusive pursuant to 29 U.S.C. § 1132(e)(1). **Defendants are without sufficient information to admit or deny and therefore deny the same.**

9. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because

administration of the employee welfare benefit plan at issue and, in particular, the conflicting claims for benefits occurred in this judicial district, and because at least one of the interpleader defendants resides or may be found herein. Venue is also appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this district. **Defendants are without sufficient information to admit or deny and therefore deny the same.**

STATEMENT OF FACTS

10. Decedent was formerly employed by non-party Blue Springs Harley-Davidson ("Harley-Davidson") and, by virtue of his employment, eligible to participate in its employee welfare benefit plan providing certain life insurance benefits ("the Plan"). **Defendants admit**

11. Union Security insured the Plan under Group Term Life Insurance Policy (Contributory) Policy Number G 5473873 (the "Group Life Policy"). Group Life Policy, Exhibit A. **Defendants admit.**

12. The Group Life Policy states:

> **Beneficiary**
>
> You may change the *beneficiary* at any time. Any request to name or change the *beneficiary* must be in writing on a form acceptable to us and signed by you. After we receive the request at our *home office,* the change will take effect on the date you signed it. A *beneficiary* change will be without prejudice to us for any payment we made before we received notice in our *home office.*
>
> You may also send a request to change the *beneficiary* to the main office of the *policyholder.* The change must be made in a manner acceptable to us.
>
> If you named more than 1 *beneficiary,* your amount of insurance will be divided among them equally, unless you specified otherwise.

Exhibit A, p. 34. **Defendants admit that this excerpt from the policy is accurately cited herein.**

13. Under the Group Life Policy, "You" means Decedent; "Us" means Union Security; and "Policyholder" means Harley-Davidson. Exhibit A. pp. 1, 8. **Defendants admit that this excerpt**

**from the policy is accurately cited herein.**

14. On November 21, 2014, Decedent executed a benefits enrollment form, electing, *inter alia,* to purchase coverage under the Group Life Policy. A true and correct copy of the November 21, 2014 Enrollment Form is attached as Exhibit B. **Defendants admit.**

15. As part of his benefits under the Group Life Policy, Decedent was entitled to coverage in the amount of $40,000. See Exhibit B. **Defendants admit.**

16. On his benefits enrollment form, Decedent identified Carla as primary beneficiary of the Group Life Policy and Jacob as secondary beneficiary of the Group Life Policy. See Exhibit B. **Defendants admit.**

17. On November 17, 2016, Decedent executed an annual benefit election form. A true and correct copy of the November 17, 2016 Annual Benefit Election Form is attached as Exhibit C. **Defendants admit.**

18. On his annual benefit election form, Decedent designated Jessica and Jacob as beneficiaries. See Exhibit C. **Defendants admit.**

19. Decedent died on November 26, 2016. Certification of Death, a true and correct copy of which is attached as Exhibit D. **Defendants admit.**

20. Plaintiff received from non-party Harley-Davidson an Employer Life Claims Statement dated January 20, 2017. A true and correct copy of the January 20, 2017 Employer Life Claims Statement is attached as Exhibit E. **Defendants admit.**

21. On the January 20, 2017 Employer Life Claims Statement, Harley-Davidson identified Jessica as Beneficiary #1 of the Group Life Policy and Jacob as Beneficiary #2 of the Group Life Policy. See Exhibit E. **Defendants admit.**

22. Plaintiff received from Jessica a claim for benefits under the Group Life Policy dated January 30, 2017. A true and correct copy of the January 30, 2017 Beneficiary Statement is attached as Exhibit F. **Defendants admit.**

23. Plaintiff received from Jacob a claim for benefits under the Group Life Policy dated February 1, 2017. A true and correct copy of the February 1, 2017 Beneficiary Statement is attached as Exhibit G. **Defendants admit.**

24. Plaintiff received from Carla a claim for benefits under the Group Life Policy dated February 12, 2017. A true and correct copy of the February 12, 2017 Beneficiary Statement is attached as Exhibit H. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

25. The Defendants each claim entitlement to proceeds under the Group Life Policy. **Defendants admit.**

26. By separate letters dated March 6, 2017, Plaintiff advised Jessica and Jacob that Carla had filed a competing claim for benefits under the Group Life Policy and requested that the claimants attempt to resolve the conflict. **Defendants admit.**

27. By letter dated March 6, 2017, Plaintiff advised Carla that the most recent beneficiary designation named Jessica and Jacob as primary beneficiaries; stated that Plaintiff had received Carla's claim indicating that she is disputing the most recent beneficiary designation; and requested that the claimants attempt to resolve the conflict. **Defendants are without sufficient information to admit or deny and therefore denies.**

28. To date. Defendants have not reached an agreement as to who are the beneficiaries of the Group Life Policy. **Defendants admit.**

## CAUSE OF ACTION - INTERPLEADER

29. Plaintiff incorporates paragraphs 1 through 28 of this Interpleader Complaint as if the same were set forth herein at length. **Defendants incorporate all the foregoing answers to each**

**numbered paragraph as though fully restated herein.**

30. Benefits totaling $40,000.00 under the Group Life Policy are due and payable and subject to the conflicting claims of Defendants. **Defendants admit.**

31. Plaintiff is an innocent stakeholder faced with multiple liability. If it pays benefits to only one of the Defendants it is exposed to liability from the other Defendants as each have asserted claims to the stake. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

32. Plaintiff will deposit the contested life insurance benefits totaling $40,000.00, together with any applicable interest, into the registry of this Court until a determination can be made as to the rightful beneficiaries entitled to the benefits. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

33. Absent an Order from this Court directing Plaintiff to pay the benefits into the registry of this Court and discharging Plaintiff from any liability. Plaintiff remains an innocent stakeholder faced with multiple and conflicting claims to the remaining benefits due under the policy. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

34. Other than as described herein. Plaintiff claims no interest in the life insurance benefits. **Defendants are without sufficient information as to admit or deny and therefore denies the same.**

35. All obligations under the provisions of the Group Life Policy have been duly performed and proof of death has been made. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

36. Plaintiff has not colluded with any of the Defendants regarding this dispute. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

37. Plaintiff is not in any way indemnified by any Defendant and files this Complaint, which involves the cause of action of interpleader to avoid multiple liability, unnecessary suits and the

costs incident thereto. **Defendants are without sufficient information to admit or deny and therefore denies the same.**

38. Plaintiff is entitled to recovery of its reasonable costs and attorney's fees pursuant to 29U.S.C. § 1132(g). **Defendants are without sufficient information to admit or deny and therefore denies the same.**

## DEFENDANTS' CROSS CLAIM AGAINST DEFENDANT CARLA FITZPATRICK

1. Carla R. Fitzpatrick ("Carla") is a citizen of the State of Missouri who resides at 4517 South Shrank Drive Apt. D, Independence, Missouri 64055.

2. At the time of his death. Keith Alan Fitzpatrick ("Decedent") was married to Carla, however, they were separated.

3. Jessica M. Safly ("Jessica") is a citizen of the State of Missouri who resides at 5021 NW Linder Lane, Kansas City, Missouri 64151.

4. Jessica is Decedent's daughter.

5. Jacob A. Fitzpatrick ("Jacob") is a citizen of the State of Missouri who resides at 19110 E. 37th Terr. S. Apt. 3, Independence, Missouri 64057.

6. Jacob is Decedent's son.

7. Decedent was formerly employed by non-party Blue Springs Harley-Davidson ("Harley-Davidson") and, by virtue of his employment, eligible to participate in its employee welfare benefit plan providing certain life insurance benefits ("the Plan").

8. Union Security insured the Plan under Group Term Life Insurance Policy (Contributory) Policy Number G 5473873 (the "Group Life Policy").

9. On November 21, 2014, Decedent executed a benefits enrollment form, electing, inter alia, to purchase coverage under the Group Life Policy.

10. As part of his benefits under the Group Life Policy, Decedent was entitled to coverage in the amount of $40,000.

11. On his benefits enrollment form, Decedent identified Carla as primary beneficiary of the Group Life Policy and Jacob as secondary beneficiary of the Group Life Policy.

12. On November 17, 2016, Decedent executed an annual benefit election form.

13. On his annual benefit election form, Decedent designated Jessica and Jacob as beneficiaries.

14. Decedent died on November 26, 2016.

15. On the January 20, 2017 Employer Life Claims Statement, Harley-Davidson identified Jessica as Beneficiary #1 of the Group Life Policy and Jacob as Beneficiary #2 of the Group Life Policy.

16. Plaintiff received from Jessica a claim for benefits under the Group Life Policy dated January 30, 2017.

17. Plaintiff received from Jacob a claim for benefits under the Group Life Policy dated February 1, 2017.

18. By separate letters dated March 6, 2017, Plaintiff advised Jessica and Jacob that Carla had filed a competing claim for benefits under the Group Life Policy and requested that the claimants attempt to resolve the conflict.

19. Defendants are the currently listed beneficiaries and no evidence has been or will be presented

that the beneficiary designation is invalid, the policy proceeds should be paid out to Defendants Jacob Fitzpatrick and Jessica Safly.

20. Due to Carla's unfounded challenge to the life insurance proceeds, this interpleader was brought.

21. Plaintiff is seeking its attorney's fees and costs be paid as a direct and proximate result of having to file this interpleader.

22. Defendant Carla Fitzpatrick should be liable to pay for Plaintiff's attorney's fees and costs.

23. Defendants have and will incur attorney's fees and costs as a direct and proximate result of defending this action.

24. Defendant Carla Fitzpatrick should be liable to pay for Defendant's attorney's fees and costs.

25. Defendants have also been deprived the benefits of this policy as a direct result of Carla's challenge and the litigation of this instant suit.

26. Defendant Carla Fitzpatrick should be liable to pay both pre-and post-judgment interest, as well as any attorney's fees and costs incurred in collecting any of the foregoing damages Defendants have and will incur as a result of this interpleader action.

WHEREFORE, Defendants Jacob Fitzpatrick and Jessica Safly pray for judgment in their favor and against Defendant Carl Fitzpatrick; for all attorney's fees and costs to be paid by Carla Fitzpatrick, including any attorney's fees and costs paid out of the principal of the life insurance proceeds; for pre and post-judgment interest, and for such other relief as is just, equitable, and proper.

Respectfully submitted,

AGR LEGAL SERVICES, LLC

*/s/Aubrey P. Gann-Redmon/*
Aubrey Gann-Redmon, MBN 61034
3145 Broadway, Kansas City, MO 64111
816/561-2555
816/561-3939 fax
aubreygannredmon@outlook.com
ATTORNEY FOR DEFENDANTS JACOB

FITZPATRICK AND JESSICA SAFLY

**CERTIFICATE OF SERVICE:**

The following Answer to Complaint in Interpleader was efiled on this 17th day of May, 2017, and served through the electronic filing system to the following parties:

Richard N. Bien (31398)
Sarah E. Lintecum (66044)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816.292.2000
Telecopier: 816.292.2001
rbien@.lathrop ga ge. com
slintecum@lathropgage.com
ATTORNEYS FOR PLAINTIFF Union Security Insurance Company

> */s/Aubrey P. Gann-Redmon/*
> ATTORNEY FOR
> DEFENDANTS JACOB
> FITZPATRICK AND JESSICA
> SAFLY